**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

DONNA KECK,

                                        Plaintiff,

v.                                                              Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,                    **JURY TRIAL DEMANDED**

                                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Donna Keck is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff co-signed a student loan debt incurred by her brother to Sallie Mae. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff's brother defaulted on the subject debt.

12. That Defendant NCO was employed by Sallie Mae to collect the subject debt.

13. That Defendant called and spoke with Plaintiff by telephone in or around August of 2007. During said telephone conversation, Defendant stated that they was attempting collect "a debt owed to Sallie Mae for $16,000.00."

14. That at the time the telephone call described in paragraph 13 was made, Plaintiff owed less than $13,000.00 on the subject debt.

15. That Defendant thereafter asked Plaintiff for a down payment of $500.00, followed by a monthly payment of $250.00. Plaintiff stated that could not afford said payment. When Defendant thereafter asked Plaintiff whether she was "ready to send in a payment?" Plaintiff replied, "No. Have you contacted my brother?" Defendant responded that they had not, but that they "didn't have to," and threatened that since Plaintiff was "refusing to pay" Defendant would "sue [Plaintiff] and garnish [her] wages."

16. That Plaintiff thereafter tried to provide Defendant with her brother's contact information, but Defendant hung up on her.

17. That at the time the abovementioned threats were made, neither Defendant, nor Sallie Mae had made a decision to sue Plaintiff or to seek to garnish her wages, nor had Sallie Mae authorized the commencement of a suit against Plaintiff.

18. That Defendant never sent Plaintiff a written communication as required by 15 U.S.C.§1692g(a).

19. That as a result of Defendant's aforementioned threats, Plaintiff has lost sleep, become anxious that her employer will be contacted, experienced a strain on her relationship with her brother and fiancé, and has otherwise suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

A. Defendant violated 15 U.S.C. §1692d and 1692d(2) by using language, the natural consequence of which was to harass Plaintiff.

B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C §1692e(5) and 15 U.S.C. §1692e(10) by falsely representing the amount due on the subject debt, that they and/or Sallie Mae had made a decision to sue Plaintiff on said debt, that they and/or Sallie Mae had decided to seek to garnish her wages, and/or that such legal proceedings would be commenced imminently.

C. Defendant violated 15 U.S.C. §1692g(a) by failing to mail to Plaintiff a written communication containing the information and disclosures required by that statute.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Donna Keck demands trial by jury in this action.

Dated: March 17, 2008

s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
        ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Donna Keck affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  March 17, 2008                                    s/Donna Keck____
                                                          Donna Keck